**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| Andrew C. Love, | : | |
| | : | Civil Action No. 14-7681(RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| Nigel Shockley et al., | : | |
| | : | |
| Defendants. | : | |

**BUMB**, District Judge:

This matter comes before the Court upon a letter filed by Plaintiff in this matter on January 12, 2015. (ECF No. 6.) Plaintiff, initially brought a Section 1983 action in Civil Action No. 14cv6780, and the action was subsequently severed by this Court into three actions.[1] Plaintiff filed a complaint in this new action on December 10, 2014, and the Court treated it as an amended complaint in Love-III, Civil Action No. 14cv7276. (ECF No. 1 and Memorandum Opinion, ECF No. 4 at 7-9.)

In the amended complaint, Petitioner alleged that Defendant Nigel Shockley arrested him without probable cause and fabricated two incidents to justify the arrest. (Compl., ¶4(b)).

---

[1] Love-I, Civil Action No. 14cv6780; Love-II, Civil Action No. 14cv7275; and Love-III, Civil Action No. 14cv7276.

1

Defendants filed a motion to dismiss on December 31, 2014. (ECF No. 3.)

The Court screened the present amended complaint on January 6, 2015, pursuant to 28 U.S.C. ¶ 1915(A) and § 1915(e)(2)(B). (Memorandum Opinion, and Order, ECF Nos. 4, 5.) The Court took the following actions: (1) granted IFP status for Love-III (14cv7276); (2) terminated this matter as duplicative of Love-III (14cv7276); (3) advised Plaintiff that if his prosecution is still underway, his claims against Defendant Shockley would be stayed until Plaintiff's prosecution ends, at which time Plaintiff may reopen this matter within thirty days from the final disposition of his criminal proceedings; (4) advised Plaintiff that if his criminal charges are dismissed, he may file a written statement advising the Court of such, and resuming his prosecution of Love-III; (5) allowed Plaintiff to clarify whether he was not in fact prosecuted based on the charge that Shockley allegedly fabricated; (6) re-severed the claims against Defendant Petrone, and allowed Plaintiff to file an amended pleading against Petrone in Love-II (14cv7275); and (7) denied Defendants' motion to dismiss without prejudice as premature. (ECF No. 4 at 7-9 and ECF No. 5.)

Plaintiff's letter indicates that he is presently being prosecuted for the claims allegedly fabricated by Defendant Shockley, and he requests that this letter and the attached

2

documentation be included with his complaint in this matter. (Letter, ECF No. 6.) Plaintiff also asks the Court to deny Defendants' motion to dismiss. (Id.) As noted above, the Court has dismissed Defendants' motion to dismiss, but without prejudice, because the motion was premature, as the case (Love-III) is presently stayed. (Id.)

Petitioner incorrectly filed his letter in this action, which has been terminated.  Plaintiff's complaint against Defendant Shockley is now filed in Love-III, 14cv7276. Therefore, the Court will direct the Clerk to docket this letter in Love-III. The Court will not direct the Clerk to reopen Love-III at this time, because Plaintiff's letter establishes that his prosecution has not been completed.  Thus, it is premature for the Court to lift the stay in Love-III.  (See Opinion, ECF No. 4 at 7, describing Heck bar.)

**IT IS** therefore, on this **11th** day of **May 2015**,

**ORDERED** that the Clerk shall docket this Memorandum and Order, and Plaintiff's letter and its attachments (ECF No. 6 herein), in Love-III, 14cv7276(RMB); and it is further

**ORDERED** that the Clerk shall administratively terminate this matter; and it is further

**ORDERED** that the Clerk shall mail a copy of this Memorandum and Order to Plaintiff by regular U.S. mail.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge
